UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MATTHEW RICHARDSON,

        Petitioner,

v.                                      CASE NO. 05-CV-71118-DT
                                      HONORABLE DENISE PAGE HOOD

PAUL RENICO,

        Respondent.
_____/

**ORDER GRANTING PETITIONER'S MOTIONS
FOR A CERTIFICATE OF APPEALABILITY AND
FOR LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

Petitioner Matthew Richardson has appealed the Court's opinion and order denying his habeas corpus petition. Currently pending before the Court are Petitioner's motion for a certificate of appealability (COA) and motion to proceed *in forma pauperis* on appeal.

"[A] prisoner seeking postconviction relief under 28 U.S.C. § 2254 has no automatic right to appeal a district court's denial or dismissal of the petition. Instead, [the] petitioner must first seek and obtain a COA." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "It is consistent with § 2253 that a COA will issue in some instances where there is no certainty of ultimate relief. After all, when a COA is sought, the whole premise is that the prisoner 'has already failed in that endeavor.'" *Miller-El*, 537 U.S. at 337 (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)).

Courts must either issue a certificate of appealability indicating which issues satisfy the

required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b)(1); *In Re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "[A] claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that [the] petitioner will not prevail." *Miller-El*, 537 U.S. at 338.

Petitioner seeks a certificate of appealability on the claim that his confession was obtained in violation of his constitutional right to counsel. Petitioner alleges that the police ignored his request for an attorney during their interrogation of him and continued to question him until he made a statement. Petitioner further alleges that his trial attorney was ineffective for not attempting to suppress his statement on that basis.

The Court determined that the record did not support Petitioner's allegation that he requested counsel before making a statement to the police. (Opinion and Order Denying Habeas Corpus Petition, Docket No. 21, filed June 6, 2007). The Court also concluded that defense counsel's performance was not deficient and did not prejudice the defense. Reasonable jurists, however, might debate the Court's assessment of Petitioner's constitutional claims. Accordingly, the Court GRANTS Petitioner's motion for a certificate of appealability [Dkt. 25, June 29, 2007]. Petitioner's motion to proceed *in forma pauperis* on appeal [Dkt. 26, June 29, 2007] is granted, because Petitioner was granted *in forma pauperis* status in the District Court and needs no further authorization to proceed *in forma pauperis* on appeal. Fed. R. App. P.

24(a)(3).

                                          s/ DENISE PAGE HOOD
                                          DENISE PAGE HOOD
                                          UNITED STATES DISTRICT JUDGE

Dated: August 6, 2007

       I hereby certify that a copy of the foregoing document was served upon counsel of record on August 6, 2007, by electronic and/or ordinary mail.

                                          S/William F. Lewis
                                          Case Manager